**ST. AGNES HOSPITAL, Plaintiff,**

v.

**Irene M. JAECKEL, Steven P. Sager, and Sager & Sharpe, S.C., Defendants.**

**and**

**Irene M. JAECKEL, Third-Party Plaintiff,**

v.

**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Third-Party Defendant.**

Civ. A. No. 84–C–1201.

United States District Court, E.D. Wisconsin.

Aug. 6, 1985.

Carmen Caruso, Purtell, Purcell, Wilmot & Burroughs, S.C., Milwaukee, Wis., for plaintiff.

Steven P. Sager, Sager & Sharpe, S.C., Fond du Lac, Wis., Jonathan Zell, Asst. Regional Counsel, Jan Kearney, Asst. U.S. Atty., Milwaukee, Wis., and Dept. of Health & Human Serv., Chicago, Ill., for defendants.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

St. Agnes Hospital seeks to foreclose on a hospital lien created by § 779.80, Wis. Stats., against proceeds of a $25,000.00 insurance settlement for injuries suffered by Irene Jaeckel which necessitated her treatment at the hospital. The action was originally filed in Fond du Lac County Circuit Court. Defendant Jaeckel, however, brought a third-party claim against Blue Cross & Blue Shield United of Wisconsin (BC/BS), the plaintiff's designated Medicare fiscal intermediary, in order to compel Medicare payment of her hospital bills. BC/BS removed the case to federal court. Currently pending are plaintiff's motion for summary judgment and the motion of BC/BS for summary judgment.

On October 24, 1983, Irene Jaeckel was seriously injured in an automobile-pedestrian collision in Fond du Lac, Wisconsin. She was hospitalized from that date until January 9, 1984, and the hospital charges were $70,963.33. On December 5, 1983, her daughter, Virginia Fellman, contacted defendant Steven P. Sager, an attorney in the firm Sager & Sharpe, S.C. An agreement was reached under which Sager would represent Jaeckel on any claims she might have as a result of the accident. After that time, settlement negotiations began with Heritage Mutual Insurance Company of Sheboygan, the automobile liability carrier for the driver of the automobile, Richard C. Higgins. The policy limits on Higgins' insurance were $25,000.00. On February 10, 1984, the final details of a settlement with Heritage were agreed upon. On February 20, Heritage sent a draft for $25,000.00 to Jaeckel. The draft, however, was made payable to Jaeckel and St. Agnes Hospital, because apparently between February 10 and February 20 Heritage had been served with a hospital lien. The check has been deposited with the Clerk of Court pending the outcome of this litigation.

Jaeckel is covered by Medicare. However, to date Medicare has not made any payment on her hospital bills.

St. Agnes Hospital filed a hospital lien pursuant to Wisconsin statutes, and brought this action to foreclose upon that lien. It claims it should be awarded all the proceeds of the draft subject to the limited right to attorney's fees and costs claimed by defendant Sager pursuant to the rule of priority set forth in § 779.80(5), Wis.Stats. In addition, St. Agnes claims it is entitled to actual attorney's fees incurred in this litigation because the defendants have violated Rule 11 of the Federal Rules of Civil Procedure.

Jaeckel argues that because at the time the settlement was reached there was no hospital lien, the issuance of the check with St. Agnes Hospital as a payee violates the

**428**

settlement agreement. Jaeckel also feels that Medicare should have paid her hospital bills. She contends that under the Wisconsin rule articulated in *Rimes v. State Farm Mutual Insurance Co.*, 106 Wis.2d 263, 316 N.W.2d 348 (1982), she is not required to, in effect, turn over her settlement from Heritage to satisfy the subrogation rights of the Medicare program. She argues that it is quite clear that the settlement did not make her whole; that because Higgins himself has filed bankruptcy there is no chance she will be made whole; and that therefore under *Rimes* Medicare cannot be awarded any part of the inadequate $25,000.00 settlement.

BC/BS, arguing the Medicare point of view, invokes the federal statutes which have been recently amended to read:

Payment under this title may not be made with respect to any item or service to the extent that payment has been made, or can reasonably be expected to be made promptly (as determined in accordance with regulations), with respect to such item or service, under a Workmens Compensation law of the United States or a state or under an automobile or liability insurance policy or plan (including a self-insured plan) or under no-fault insurance. The statute has recently been amended to include payment anticipated under an automobile or liability insurance policy.

It goes on to argue that in situations in which state law stands as an obstacle to the accomplishment of the purposes and objectives of Congress, the state law is preempted to the extent that it conflicts with federal law.

 Federal law preempts state law. *Silkwood v. Kerr-McGee Corp., et al.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). Thus, 42 U.S.C. § 1395y(b) preempts the *Rimes* rule. In a similar situation, the Wisconsin Court of Appeals has recognized that federal law preempts state common law rules. *Coplien v. Dept. of Health & Social Services*, 119 Wis.2d 52, 349 N.W.2d 92 (C.A.1984). In addition, § 779.80, Wis.Stats., gives the hospital a lien on the proceeds of the settlement minus the legal fees and costs incurred in procuring it.

There simply is not enough money to go around. Jaeckel has $70,000.00 in hospital bills; she has received $25,000.00 in settlement of her claim against an underinsured driver who has been discharged in bankruptcy. Under her agreement with her attorney, defendant Sager, one-fourth of the settlement plus costs is to be his. The legal fees are one-fourth of $25,000.00, or $6,250.00 plus costs of $4.63, leaving $18,745.37 in settlement, subject to the hospital lien. Under 42 U.S.C. § 1395y(b), Medicare need not pay anything the insurer can be expected to pay. Presumably Medicare is then responsible for the hospital bill of $70,963.33 minus $18,745.37, or $52,217.96.

St. Agnes also requests its actual attorney's fees in this litigation because of what the hospital perceives as defendants' violation of Rule 11, F.R.C.P. The Rule 11 claim falls far short of the mark. The request for sanctions under Rule 11 is denied.

IT IS ORDERED that the motion of St. Agnes Hospital for summary judgment is GRANTED. St. Agnes must be paid $18,745.37 from the settlement check plus three-fourths of the interest earned since the time the check has been deposited with the Clerk.

IT IS FURTHER ORDERED that the motion of Blue Cross & Blue Shield United for summary judgment denying Jaeckel's claim against Blue Cross & Blue Shield United to the extent of the $18,745.37 paid by Heritage is GRANTED.